UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RANDY STRADLEY,

                Plaintiff,                Case No. 16-cv-11563

v.                                            Honorable Thomas L. Ludington
                                                   Magistrate Judge Patricia T. Morris

CORIZON HEALTH CARE PROVIDER, et al

                Defendant.

_____/

**ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, GRANTING MOTIONS TO DISMISS, DENYING PLAINTIFF'S MOTIONS, AND DISMISSING COMPLAINT**

Plaintiff Randy Stradley, an inmate representing himself pro se, filed a complaint on April 29, 2016. ECF No. 1. In the complaint, he alleges that, while incarcerated at the Kinross Correctional Facility, he was denied adequate medical care. Defendant Daniel Heyns, the director of the Michigan Department of Corrections, was summarily dismissed on August 10, 2016, because Stradley did not allege in his complaint that Heyns was involved in the allegedly unconstitutional conduct. ECF No. 6. All pretrial matters were then referred to Magistrate Judge Patricia T. Morris. ECF No. 8. On September 21, 2016, Defendants Corizon Health Care Provider and Vindhya Jawardena filed a motion to dismiss. ECF No. 14. On November 15, 2016, Judge Morris directed Stradley to file an amended complaint. ECF No. 22. He filed the amended complaint on December 9, 2016. ECF No. 24. On February 2, 2017, Judge Morris issued a report recommending that the motion to dismiss be granted. ECF No. 34. Stradley filed objections to the report and recommendation. ECF No. 41.[1] Defendants Sekou and Campbell have since filed

---

[1] Stradley filed a motion for an extension of time to object, but then filed his objections before the motion for an extension was ruled upon. The motion for an extension will be denied as moot.

motions to dismiss as well. *See* ECF Nos. 37, 53. On June 26, 2017, Stradley filed a motion for an extension of time to file a response to the most recent motion to dismiss. ECF No. 59.

For the reasons stated below, Stradley's objections will be overruled and the report and recommendation will be adopted. Because the issues raised in the present motion to dismiss demonstrate that Stradley has failed to state a claim against any Defendant, the suit will be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). All other pending motions will be denied as moot.

**I.**

With one exception, Stradley does not object to Judge Morris's summary of the factual allegations contained in his amended complaint. For clarity, those allegations will be briefly summarized and Stradley's factual objection will be addressed.

Stradley's claims arise out of physical injuries he sustained in an altercation with his cellmate, Michael Jackson, on February 22, 2012. Am. Compl. at 4. Stradley lost consciousness during the attack and was transported to the medical department. *Id.* After a cursory examination, the nurses released Stradley despite the extreme pain he was suffering. *Id.* Later that day, Stradley was transported to Detroit Medical Center and received treatment by a Dr. Atas. Dr. Atas observed that Stradley had sustained significant trauma to his face, especially his left eye. *Id.* at 5. Stradley was placed on medication and "was advised if [at] any point [he] develops and [sic] newer symptoms, return to the emergency room." *Id.*

On February 29, 2012, Stradley's left eye was still swollen shut as a result of broken facial bones. *Id.* at 6. He was still suffering extreme pain. On March 1, 2012, the prison medical department received discharge paper work from the Detroit Medical Center which confirmed that

Stradley had suffered several fractures and which recommended "followup once edema [swelling] subsides." *Id.*[2]

On March 20, 2012, one prison nurse scheduled Stradley for a sick call at the Detroit Medical Center because Stradley was still complaining of broken bones, headaches, and teeth pain. *Id.* But Nurse Sekou refused to allow the follow-up treatment, suggesting that the treatment would be denied due to costs. *Id.* at 7. Stradley contends that Defendants thus ignored clear instructions from the Detroit Medical Center to "immediately return patient when new problems occur." *Id.* On March 30, 2012, Stradley was still suffering, but Dr. Jayawardena ignored his complaints. *Id.* Similarly, Stradley complained of pain on the left side of his face and top row of teeth on August 2, 2012. Rather than transporting him to the Detroit Medical Center, Dr. Todd gave Stradley a few packets of aspirin.

In late 2014, the Michigan Department of Corrections finally sent Stradley to an offsite oral surgeon. On November 11, 2014, Stradley was diagnosed with "a depressed infra orbital maxillar fracture which may have caused some impingement on the infra orbital nerve and/or one of the maxillar branches. . . . However, at this point, because of the long delay in healing, a nerve decompression procedure would be questionable." *Id.* at 8–9. (internal citations omitted). The oral surgeon performed "post-neurectomy of the inferior orbital canal on the left side of Plaintiff's face." *Id.* at 9. In other words, one of Stradley's facial nerves was removed. Currently, Stradley suffers from Chronic Obstructive Pulmonary Disease, which he believes is traceable to the damage done to his left sinus cavity during the physical altercation. The damage also interferes with his ability to talk coherently. *Id.* at 10. Stradley further alleges that the "removal of the nerve caused the left side upper gum to be nub [sic] all the time." *Id.*

---

[2] Judge Morris omitted this recommendation from her summary of the factual allegations. Because properly alleged in the amended complaint, it will be assumed to be true. However, this additional detail does not alter the legal analysis. Accordingly, Judge Morris's report and recommendation will be adopted.

Stradley is suing the Corizon Health Care Provider (which employed the oral surgeon who removed his nerve in April 2015), Dr. Jawardena, Dr. Todd, P.A. Campbell, and Nurse Sekou. All of the individual defendants are affiliated with the Michigan Department of Corrections. The allegations in Stradley's amended complaint which name the individual Defendants all occurred in 2012. Campbell's last alleged interaction with Stradley took place in February 2012. *Id.* at 6. Sekou last interacted with Stradley in March 2012. *Id.* at 7. Jayawardena last treated Stradley on March 30, 2012. *Id.* And Dr. Todd's last examination of Stradley occurred on August 2, 2012.

## II.

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted). A general objection, or one that merely restates the

arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id*.

### III.

Stradley has filed two objections. The first objection, which challenges one aspect of Judge Morris's factual summary, was addressed above. As discussed, Judge Morris omitted a factual allegation, but that additional fact does not change Judge Morris's or this Court's analysis. As such, Stradley's first objection will be overruled. Stradley's second objection challenges Judge Morris's conclusion that the statute of limitations bars his claim against Jawardena.[3]

Stradley is bringing suit under 42 U.S.C. § 1983 for personal injury he sustained while incarcerated. The state statute of limitations for personal injury claims is applied to § 1983 claims for personal injury. *Bonner v. Perry*, 564 F.3d 424, 430 (6th Cir. 2009). In Michigan, the statute of limitations for personal injury actions is "3 years after the time of the death or injury." M.C.L. § 600.5805(10). The date on which the statute of limitations begins to run (the date accrual beings) is, however, governed by federal law. *Bell v. Ohio State Univ.*, 351 F.3d 240, 247 (6th Cir. 2003) (quoting *Kuhnle Bros., Inc. v. County of Geauga*, 103 F.3d 516, 520 (6th Cir.

---

[3] Stradley does not challenge Judge Morris's conclusion that Defendant Corizon must be dismissed because Stradley has not alleged a direct causal connection between Corizon's policies or customs and his constitutional injury. As such, Defendant Corizon will be dismissed.

1997)). "Ordinarily, the limitations period starts to run when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Id.* (internal citations omitted). That time period can be tolled, for a maximum of 150 days, while a plaintiff-inmate exhausts his administrative remedies. *Surles v. Andison*, 678 F.3d 452, 458 (6th Cir. 2012).

Stradley contends that he exhausted his administrative remedies, but does not indicate how long that process took. But even assuming that the administrative exhaustion took all 150 days, Stradley's claims would still be untimely. Dr. Todd, the individual Defendant who most recently examined Stradley, met with Stradley on August 2, 2012. If 150 days is added to that date, three year statute of limitations period began to run on approximately January 2, 2013. Accordingly, the three year statute of limitations period would have ended on January 2, 2016. Stradley did not file his complaint until April 29, 2016.

In his second objection, Stradley argues that the statutory period did not begin to run until November 10, 2014, when Stradley was diagnosed with "a depressed infra orbital maxillar fracture which may have caused some impingement on the infra orbital nerve and/or one of the maxillar branches." Am. Compl. at 8–9. Stradley contends that the individual Defendants fraudulently concealed his injuries from him.

In some situations, fraudulent concealment of a cause of action can justify tolling of the statute of limitations. The following standard governs claims that a party has fraudulently concealed a cause of action:

> Under F.R.Civ.P. 9(b), the party alleging fraudulent concealment must plead the circumstances giving rise to it with particularity. Three elements must be pleaded in order to establish fraudulent concealment: (1) wrongful concealment of their actions by the defendants; (2) failure of the plaintiff to discover the operative facts that are the basis of his cause of action within the limitations period; and (3) plaintiff's due diligence until discovery of the facts.

*Campbell v. Upjohn Co.*, 676 F.2d 1122, 1126 (6th Cir. 1982) (quoting *Dayco Corp. v. Goodyear Tire & Rubber Co.*, 523 F.2d 389, 394 (6th Cir. 1975)).[4]

Tolling is not appropriate if the plaintiffs are "aware of facts that should have aroused their suspicion of the claims." *Anderson v. Bd. of Educ. of Fayette Cty.*, 616 F. Supp. 2d 662, 671 (E.D. Ky. 2009).

Stradley has not carried his burden here. The operative facts which form the basis of his claim against the individual Defendants is their refusal to transport him to the Detroit Medical Center or otherwise investigate his complaints. Stradley's amended complaint makes clear that Stradley repeatedly and clearly communicated to the doctors that he had suffered serious injury and was in significant pain. He faults them for not responding appropriately. Years later, Stradley discovered the details of his injuries, but Stradley's claim is premised on the inaction of medical staff in response to his complaints, not the specific injury he sustained. Thus, Stradley has aware of all operative facts at the time they occurred: he knew that he had been injured and was in pain, he knew that he asked for medical treatment, and he knew that it was refused. Even if, as Stradley alleges, the MDOC medical staff concealed the details of his injury, he knew all facts necessary to bring a claim for deliberate indifference on August 2, 2012. Even accepting all of Stradley's factual allegations as true, he is not entitled to equitable tolling based on a fraudulent concealment theory. *See Gilley v. Dunaway*, 572 F. App'x 303, 308 (6th Cir. 2014) (rejecting a fraudulent concealement theory because the plaintiff's relationship with her abuser "should have aroused her suspicion that she was being sexually abused").

---

[4] "Whether, in an action based on a federally created right, [the doctrine of fraudulent concealment] will permit the tolling of the statute of limitations, is a question of federal law." *Campbell*, 676 F.2d at 1126. However, "[w]hen the statute of limitations is borrowed from state law, so too are the state's tolling provisions, except when they are 'inconsistent with the federal policy underlying the cause of action under consideration.'" *Bishop v. Children's Ctr. for Developmental Enrichment*, 618 F.3d 533, 537 (6th Cir. 2010) (quoting Bd. of Regents v. Tomanio, 446 U.S. 478, 485, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980)). The requirements for tolling based on fraudulent concealment are substantially identical under both federal and Michigan law. Accordingly, there is no need to explore the nuances of the interrelationship between these two principles of law.

Thus, Stradley's second objection will be overruled. His claim against Dr. Jawardena is barred by the statute of limitations. Judge Morris's report and recommendation did not address whether Stradley's claims against the other individual Defendants are also untimely. But 28 U.S.C. § 1915(e)(2)(B)(ii) directs the Court to summarily dismiss Stradley's complaint if "the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." That is the case here. Defendant Scott interacted with Stradley most recently. As discussed, the claims against Scott are barred by the statute of limitations. *A fortiori*, all of Stradley's claims against the individual Defendants are untimely, unless tolling is appropriate.

As discussed above, fraudulent concealment of a cause of action has not occurred when the claim is premised on nontreatment of injuries and the plaintiff was aware of the injuries, though not their extent.[5] For purposes of Stradley's tolling argument, there is no factual basis for distinguishing between the individual Defendants. Thus, based on this Opinion and Order, it is clear that all of Stradley's claims against the individual Defendants are untimely. Accordingly, the suit will be dismissed pursuant to § 1915(e)(2)(B)(ii). Because appeal from this decision could not be made in good faith, Stradley may not proceed in forma pauperis on appeal. *Id.* at § 1915(a)(2).

### IV.

Accordingly, it is **ORDERED** that Plaintiff Stradley's Objections, ECF No. 41, are **OVERRULED.**

It is further **ORDERED** that Judge Morris's Report and Recommendation, ECF No. 34, is **ADOPTED.**

---

[5] At best, Stradley's complaint could be construed as alleging that he was unaware of several broken bones in his face because the MDOC medical staff did not spot them. Am. Compl. at 7. But the Complaint contains no allegation that the failure was intentional. Stradley clearly believed, even at the time, that his medical problems had not been properly diagnosed or treated. Thus, Stradley was in possession of all operative facts.

It is further **ORDERED** that Defendants Corizon Health Care Provider's and Vindhya Jawardena's Motion to Dismiss, ECF No. 14, is **GRANTED.**

It is further **ORDERED** that Defendants Corizon Health Care Provider and Vindhya Jawardena are **DISMISSED.**

It is further **ORDERED** that the Order of Reference, ECF No. 8, is **WITHDRAWN.**

It is further **ORDERED** that Defendants Isiah Todd, Jamie Campbell, and Rosemary Sekou are **SUMMARILY DISMISSED** pursuant to § 1915(e)(2)(B)(ii).

It is further **ORDERED** that Defendant Sekou's and Defendant Campbell's Motions to Dismiss, ECF Nos. 37, 53, are **DENIED as moot.**

It is further **ORDERED** that Plaintiff Stradley's pending Motions for Extensions, ECF Nos. 40, 59, are **DENIED as moot.**

It is further **ORDERED** that the Amended Complaint, ECF No. 24, is **DISMISSED with prejudice.**

Dated: July 6, 2017          s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 6, 2017.

s/Kelly Winslow  
KELLY WINSLOW, Case Manager