UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RANDY STRADLEY,

        Plaintiff,          Case No. 16-cv-11563

v.          Honorable Thomas L. Ludington
        Magistrate Judge Patricia T. Morris

CORIZON HEALTH CARE PROVIDER, et al

        Defendant.
_____/

**ORDER DENYING MOTIONS FOR RELIEF FROM JUDGMENT**

Plaintiff Randy Stradley, an inmate representing himself pro se, filed a complaint on April 29, 2016. ECF No. 1. In the complaint, he alleges that, while incarcerated at the Kinross Correctional Facility, he was denied adequate medical care. Defendant Daniel Heyns, the director of the Michigan Department of Corrections, was summarily dismissed on August 10, 2016, because Stradley did not allege in his complaint that Heyns was involved in the allegedly unconstitutional conduct. ECF No. 6. All pretrial matters were then referred to Magistrate Judge Patricia T. Morris. ECF No. 8. On September 21, 2016, Defendants Corizon Health Care Provider and Vindhya Jawardena filed a motion to dismiss. ECF No. 14. On November 15, 2016, Judge Morris directed Stradley to file an amended complaint. ECF No. 22. He filed the amended complaint on December 9, 2016. ECF No. 24. On February 2, 2017, Judge Morris issued a report recommending that the motion to dismiss be granted. ECF No. 34.

On July 6, 2017, the Court issued an order overruling Stradley's objections, adopting the report and recommendation, granting the motions to dismiss, and dismissing the complaint. ECF

No. 64. The Court's dismissal was premised on a finding that all of Stradley's claims in the complaint were barred by the three year statute of limitations.

In July, Stradley filed four substantially identical motions. ECF Nos. 66, 67, 69, 70. In each, Stradley requests that the Court grant relief from the final judgment entered on July 6, 2017, and reopen the case. Stradley also requests leave to file a second amended complaint. He has filed the proposed second amended complaint. ECF No. 68. For the following reasons, Stradley's motions for relief from the final judgment will be denied.

**I.**

The factual summary provided in the July 6, 2017, opinion and order will be reproduced in full here. Stradley's claims arise out of physical injuries he sustained in an altercation with his cellmate, Michael Jackson, on February 22, 2012. Am. Compl. at 4. Stradley lost consciousness during the attack and was transported to the medical department. *Id.* After a cursory examination, the nurses released Stradley despite the extreme pain he was suffering. *Id.* Later that day, Stradley was transported to Detroit Medical Center and received treatment by a Dr. Atas. Dr. Atas observed that Stradley had sustained significant trauma to his face, especially his left eye. *Id.* at 5. Stradley was placed on medication and "was advised if [at] any point [he] develops and [sic] newer symptoms, return to the emergency room." *Id.*

On February 29, 2012, Stradley's left eye was still swollen shut as a result of broken facial bones. *Id.* at 6. He was still suffering extreme pain. On March 1, 2012, the prison medical department received discharge paper work from the Detroit Medical Center which confirmed that Stradley had suffered several fractures and which recommended "followup once edema [swelling] subsides." *Id.*

On March 20, 2012, one prison nurse scheduled Stradley for a sick call at the Detroit Medical Center because Stradley was still complaining of broken bones, headaches, and teeth pain. *Id.* But Nurse Sekou refused to allow the follow-up treatment, suggesting that the treatment would be denied due to costs. *Id.* at 7. Stradley contends that Defendants thus ignored clear instructions from the Detroit Medical Center to "immediately return patient when new problems occur." *Id.* On March 30, 2012, Stradley was still suffering, but Dr. Jayawardena ignored his complaints. *Id.* Similarly, Stradley complained of pain on the left side of his face and top row of teeth on August 2, 2012. Rather than transporting him to the Detroit Medical Center, Dr. Todd gave Stradley a few packets of aspirin.

In late 2014, the Michigan Department of Corrections finally sent Stradley to an offsite oral surgeon. On November 11, 2014, Stradley was diagnosed with "a depressed infra orbital maxillar fracture which may have caused some impingement on the infra orbital nerve and/or one of the maxillar branches. . . . However, at this point, because of the long delay in healing, a nerve decompression procedure would be questionable." *Id.* at 8–9. (internal citations omitted). The oral surgeon performed "post-neurectomy of the inferior orbital canal on the left side of Plaintiff's face." *Id.* at 9. In other words, one of Stradley's facial nerves was removed. Currently, Stradley suffers from Chronic Obstructive Pulmonary Disease, which he believes is traceable to the damage done to his left sinus cavity during the physical altercation. The damage also interferes with his ability to talk coherently. *Id.* at 10. Stradley further alleges that the "removal of the nerve caused the left side upper gum to be nub [sic] all the time." *Id.*

Stradley is suing the Corizon Health Care Provider (which employed the oral surgeon who removed his nerve in April 2015), Dr. Jawardena, Dr. Todd, P.A. Campbell, and Nurse Sekou. All of the individual defendants are affiliated with the Michigan Department of

Corrections. The allegations in Stradley's amended complaint which name the individual Defendants all occurred in 2012. Campbell's last alleged interaction with Stradley took place in February 2012. *Id.* at 6. Sekou last interacted with Stradley in March 2012. *Id.* at 7. Jayawardena last treated Stradley on March 30, 2012. *Id.* And Dr. Todd's last examination of Stradley occurred on August 2, 2012.

**II.**

Stradley is seeking relief under Federal Rule of Civil Procedure 59(e). That Rule allows a party to file a "motion to alter or amend a judgment." *Id.* Motions under Rule 59(e) may be granted "if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (internal citations omitted). "Rule 59(e) motions cannot be used to present new arguments that could have been raised prior to judgment." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008). If a party is effectively attempting to "'re-argue a case' . . . the district court may well deny the Rule 59(e) motion on that ground." *Id.* (quoting *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)). Likewise, a Rule 59(e) motion is not an appropriate vehicle to "'submit evidence which could have been previously submitted in the exercise of reasonable diligence.'" *Kenneth Henes Special Projects Procurement v. Cont'l Biomass Indus., Inc.*, 86 F. Supp. 2d 721, 726 (E.D. Mich. 2000) (quoting *Nagle Industries, Inc. v. Ford Motor Company*, 175 F.R.D. 251, 254 (E.D. Mich. 1997)).

**III.**

In the July 6, 2017, opinion and order, the Court found that Stradley's claims were time-barred:

> Stradley is bringing suit under 42 U.S.C. § 1983 for personal injury he sustained while incarcerated. The state statute of limitations for personal injury

> claims is applied to § 1983 claims for personal injury. *Bonner v. Perry*, 564 F.3d 424, 430 (6th Cir. 2009). In Michigan, the statute of limitations for personal injury actions is "3 years after the time of the death or injury." M.C.L. § 600.5805(10). The date on which the statute of limitations begins to run (the date accrual beings) is, however, governed by federal law. *Bell v. Ohio State Univ.*, 351 F.3d 240, 247 (6th Cir. 2003) (quoting *Kuhnle Bros., Inc. v. County of Geauga*, 103 F.3d 516, 520 (6th Cir. 1997)). "Ordinarily, the limitations period starts to run when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Id.* (internal citations omitted). That time period can be tolled, for a maximum of 150 days, while a plaintiff-inmate exhausts his administrative remedies. *Surles v. Andison*, 678 F.3d 452, 458 (6th Cir. 2012).
>
> Stradley contends that he exhausted his administrative remedies, but does not indicate how long that process took. But even assuming that the administrative exhaustion took all 150 days, Stradley's claims would still be untimely. Dr. Todd, the individual Defendant who most recently examined Stradley, met with Stradley on August 2, 2012. If 150 days is added to that date, three year statute of limitations period began to run on approximately January 2, 2013. Accordingly, the three year statute of limitations period would have ended on January 2, 2016. Stradley did not file his complaint until April 29, 2016.

July 6, 2017, Op. & Order at 5–6, ECF No. 64.

In his present motions, Stradley argues that new evidence has come to light regarding exhaustion of his administrative remedies. Specifically, Stradley contends that he originally filed his administrative grievance on November 27, 2014, and that the grievance was ultimately denied on April 28, 2015. Stradley attaches supporting documentation to his motions which corroborates his timeline. *See* ECF No. 70, Pg ID 411–415. The period from November 27, 2014, to April 28, 2015, is approximately 150 days. As reflected in the quotation above, the Court the Court assumed that Stradley's administrative grievance took 150 days to resolve and found that, even with that period of tolling, Stradley's claims were still time-barred by several months.

Stradley argues that his claims are timely because his complaint was filed less than a year after his grievance was denied. But this argument misapprehends the date that the statute of limitations began to run. As explained in the July 6, 2017, opinion and order, Stradley's claims

became ripe at the moment "he knew he had been injured and was in pain, . . . he asked for medical treatment, and . . . it was refused." July 6, 2017, Op. & Order at 7. That date was August 2, 2012. The statute of limitations does not *begin to run* when an administrative appeal is denied; rather, it is merely *tolled* during the pendency of that appeal. Thus, at the time Stradley filed his grievance (in November 2014), approximately two years and three months of the three-year statute of limitations had already passed. The statute of limitations resumed running on April 28, 2015, when the grievance was ultimately denied. As explained in the July 6, 2017, opinion and order, the deadline for Stradley to bring his claim thus passed in January of 2016. Because the new details regarding the timeline of Stradley's administrative grievance process simply corroborate the Court's prior analysis regarding the statute of limitations, Stradley's motions for relief from judgment will be denied.[1]

**IV.**

Accordingly, it is **ORDERED** that Plaintiff Stradley's motions for relief from judgment and to file an amended complaint, ECF No. 66, 67, 69, 70, are **DENIED.**

Dated: August 29, 2017                    s/Thomas L. Ludington
                                          THOMAS L. LUDINGTON
                                          United States District Judge

---

[1] Stradley has also moved for leave to file an amended complaint. Because the allegations in that complaint are premised on the same injury as in his original complaint, the proposed amended complaint would be entirely time-barred as well. Accordingly, any amendment would be futile and the motions for leave to file the amended complaint will be denied.

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 29, 2017.

                                          s/Kelly Winslow
                                          KELLY WINSLOW, Case Manager